**NOT FOR PUBLICATION**                                           CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NEW JERSEY BUILDING LABORERS' STATEWIDE BENEFIT FUNDS, | Hon. Faith S. Hochberg, U.S.D.J. |
|  | Civil Case No. 12-7665 (FSH) |
| Petitioners, |  |
|  | **OPINION & ORDER** |
| v. |  |
|  | Date: September 13, 2013 |
| NEWARK BOARD OF EDUCATION, |  |
| Respondent. |  |

**HOCHBERG, District Judge:**

This case comes before the Court upon the Petition and Motion by the New Jersey Building Laborers' Statewide Benefits Funds ("the Funds") and the Trustees thereof (collectively "Petitioners") to Confirm the Arbitration Award and the Cross-Motion to Vacate the Award by the Newark Board of Education ("Respondent"). [Dkt. Nos. 1, 3, 8]. The Court reviews the motions pursuant to Federal Rule of Civil Procedure 78.

**I.     Background**

This case arises out of a dispute between Petitioners and Respondent over whether Respondent had failed to make required contributions to the Funds. After an audit, Petitioners notified Respondent that it would submit the matter to arbitration before its Permanent Arbitrator, J.J. Pierson. Respondent did not appear at the arbitration hearing. Instead, Respondent faxed a letter stating that it did not believe that it was obligated to participate in the arbitration and stated that "[d]isputes of this sort are customarily

resolved via the Buildings Trades Council or the NJ Department of Labor." [Dkt. No. 6-2 Ex. A].

On May 30, 2012, an award was entered in favor of Petitioners by the Permanent Arbitrator. The arbitrator found that Respondent was bound by the Collective Bargaining Agreement (the "CBA") and the Agreements and Declarations of the Trusts ("Trust Agreement"). According to the arbitrator, under the terms of the CBA, Respondent was required to make certain contributions to the Funds. He further found that Respondent failed to make required contributions of $11,833.70 between January 1, 2008, and March 31, 2011. Under the terms of the CBA, the arbitrator awarded the Funds a total of $22,747.69.[1] Respondent was also ordered to allow Petitioners to examine its records and pay any court costs necessary to enforce the award. [Dkt. No. 1 Ex. D].

Petitioners then moved to confirm the award before this Court. Respondent filed a cross-motion to vacate the award. After reviewing the papers, this Court ordered the parties to submit further briefing "on the duties of a party who believes a matter is not arbitrable upon receiving notice of an upcoming arbitration," and to provide the Court with further proof of whether there was an agreement to arbitrate. [Dkt. No. 14].

**II.   Standard of Review**

In general, review of an arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, is "extremely deferential." *Metromedia Energy, Inc. v. Enserch Energy Servs.*, 409 F.3d 574, 578 (3d Cir. 2005) (quotation omitted). A district

---

[1] The arbitrator ordered Respondent to pay $11,833.70 in delinquent contributions, plus $5,047.17 in interest, $2,366.74 in liquidated damages, attorneys' fees of $2,700.08, and an arbitrator's fee of $800.

2

court may vacate an arbitration award under the FAA "only in exceedingly narrow circumstances." *Id.* (quotation marks omitted).

Respondent's ability to challenge the arbitration award is further limited because it did not appear at the arbitration after receiving notice of the hearing. The Third Circuit recently addressed these limits in *Langlais v. Pennmount Benefit Servivces., Inc.*, No. 12-3234, 2013 U.S. App. LEXIS 11499 (3d Cir. June 7, 2013). In *Langlais*, a party failed to appear at an arbitration. The Third Circuit found that the party could still challenge the "substantive arbitrability" of the dispute before the district court, which "arises when [the court] must determine . . . if parties have entered into a valid arbitration agreement." *Id.*, at *4-*5. However, the Court concluded that the party had waived any procedural arbitrability arguments and challenges to the merits of the arbitrator's decision. *Id.*, at *11-*13. In reaching this conclusion, the *Langlais* Court relied on a statement by the Eighth Circuit that "[t]o the extent that a particular issue is arbitrable, then, a party cannot refuse to participate in arbitration or fail in arbitration to raise a particular argument concerning the merits of the grievance and later seek judicial resolution of that same issue." *Id.* (quoting *IBEW, Local Union No. 545 v. Hope Elec. Corp.*, 380 F.3d 1084, 1101 (8th Cir. 2004)).

### III. Discussion

Respondent argues that there was no valid agreement to arbitrate. It also argues that there is no provision for this Court to confirm the award under the FAA, as 9 U.S.C. § 9 cannot be satisfied.

*1. Agreement to Arbitrate*

3

Under the FAA, a district court may vacate an arbitration award "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). Respondent argues that because there was no valid agreement to arbitrate, the arbitrator exceeded his power in this case. Because "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit," the question of arbitrability must be determined by the Court. *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582 (1960). As discussed above, a party may still raise the issue of whether there is a valid agreement to arbitrate even if it has failed to appear at an arbitration. *Langlais*, 2013 U.S. App. LEXIS 11499, at *2-*3.

Petitioners provide the following evidence of the agreement to arbitrate. On September 10, 1999, Respondent signed a "Short Form Agreement," which expressly incorporated the CBA.[2] [Dkt. 17-1 at 4]. The CBA requires employers to contribute to the Funds. In the event that an employer does not make the required contributions, Article 14.20 of the CBA provides that:

---

[2] The Short Form Agreement incorporates by reference "the Building, Site and General Construction Agreement by and between the Building Laborer Local Unions and District Councils of New Jersey and various Building, Site and General Construction Contractors and Employers." Petitioners state that this refers to the CBA, which is entitled "Collective Bargaining Agreement by and between the Building Construction Laborers' District Councils and Local Unions of the State of New Jersey and Building, Site and General Construction Contractors and Employers." Respondent argues that the names of the two documents are different, and therefore there is no "agreement of the parties." [Dkt. No. 12 at 7].

This argument is not persuasive. First, it appears that the Short Form Agreement is referring to the CBA. Second, Respondent has not produced to this Court any other document to which it argues the Short Form Agreement actually refers. Respondent signed the Short Form Agreement in 1999. The Court ordered Respondent to produce the document referred to by that agreement if it had it in its possession. It did not do so. It cannot now prevail on an argument that the Short Form Agreement refers to a document other than the CBA.

4

> The Trustees or Administrators of any fund due contributions pursuant to this Agreement shall be entitled all rights accorded by law including but not limited to the right to demand, receive, sue for, and take such steps, including the institution and prosecution of or the intervention in any proceeding at law or in equity or in bankruptcy that may be necessary or desirable in their discretion to effectuate the payment and collection of any sum or sums and costs required to be paid.

Article 14.30 of the CBA states that if the employer is delinquent in paying contributions to the Funds, it "shall also be required to pay attorneys' fees and court and arbitration costs, if any, whenever the services of an attorney or arbitrator are necessary to recover the amount due." The CBA also incorporates by reference the "Plans and . . . the Agreements and Declarations of Trusts and any supplements or amendments thereto." CBA, art. 14.50(a). Article V of the Trust Agreement provides that the Trustees may "designate a permanent arbitrator to hear and determine collection disputes."

The CBA clearly contemplates that the Trustees may choose to collect delinquent funds through arbitration, and the Trust Agreement provides for the specific mechanism used in this case—the designation of a permanent arbitrator to hear and determine collection disputes. There is a valid agreement to arbitrate. *See N.J. Bldg. Laborers Statewide Benefit Funds v. Newark Bd. of Educ.*, No. 12-cv-7233, 2013 U.S. Dist. LEXIS 90423, at *6 (D.N.J. June 27, 2013) (interpreting the same documents and finding that this language "contemplated arbitration as an appropriate remedy for resolving disputes over delinquent contributions").

Respondent also argues that the Short Form Agreement terminated in 2002. Challenges to the validity of a contract must be brought before the arbitrator. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006). An argument that a contract has terminated is analogous to an argument challenging the validity of a contract. *N.J.*

5

*Bldg. Laborers Statewide Benefits Fund v. Am. Coring & Supply,* 341 F. App'x 816, 820 (3d Cir. 2009).  By failing to bring this argument before the arbitrator, Respondent has waived the right to bring it before this Court.  *Id.* at 821.  Further, even if this argument were not waived, Respondent could not prevail on this point, as the agreement has not terminated.  Respondent has continued to pay benefits under the CBA from 2002 to present.  The CBA itself contains a requirement that it will continue after its termination date unless "written notice is given of a desire to reopen negotiations."  CBA, art. 21.10.[3]

2. *9 U.S.C. § 9*

Respondent additionally argues that even if there is a valid arbitration agreement, there is nothing to suggest that the arbitration award can be confirmed by this Court pursuant to 9 U.S.C. § 9.  That statute provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.  According to Respondent, the parties have not "agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration."

In interpreting 9 U.S.C. § 9, this Court has stated that "language that indicates the award will be final and binding implicitly permits Federal court intervention to compel

---

[3] Respondent has a number of other arguments relating to the insufficiency of the documents submitted by Petitioners, including that the submitted documents are incomplete, and lack signature blocks.  Initially, Petitioners submitted documents that were insufficient to demonstrate the existence of a valid arbitration agreement.  However, the various concerns raised by Respondent have been addressed by the documents attached to Petitioners' Letter Brief dated August 23, 2013.  [Dkt. No. 17].

compliance." *Teamsters-Employer Local No. 945 Pension Fund v. Acme Sanitation Corp.*, 963 F. Supp. 340, 347 (D.N.J. 1997).  In this case, Article V of the Trust Agreement provides that a permanent arbitrator may be appointed to "hear and determine collection disputes."  This language indicates the decision is to be "final and binding," and gives the Court the authority to confirm the award.[4]

To support its argument, Respondent cites *Varley v. Tarrytown Associates, Inc.*, 477 F.2d 208 (2d Cir. 1973), and *Oklahoma City Associates v. Wal-Mart Stores, Inc.*, 923 F.2d 791 (10th Cir. 1991).  Neither case is persuasive authority to change the result here.  While *Varley* found that a contract that did not mention an entry of judgment did not fulfill the requirements of 9 U.S.C. § 9, that case was distinguished by *I/S Stavborg v. National Metal Converters*, 500 F.2d 424 (2d Cir. 1974).  There, the Second Circuit found that where the parties specified "that the award should be 'final,'" an entry of judgment under 9 U.S.C. § 9 was appropriate.  *Id.* at 426-27.  As in *I/S Stavborg*, the Trust Agreement in this case indicates the arbitration award is intended to be final.

**IV.    Conclusion & Order**

For the reasons stated above,

**IT IS** on this 13th day of September, 2013,

**ORDERED** that the Motion to Confirm the Arbitration Award [Dkt. No. 3] is **GRANTED**.  It is **ORDERED, ADJUDGED AND DECREED** that the Opinion and Award of May 30, 2012 shall and are hereby **CONFIRMED**.

---

[4]    Further, Article 14.20 of the CBA clearly gives the authority to Petitioners to bring a motion to confirm the arbitration award before the Court.  *See Newark Bd. of Educ.*, 2013 U.S. Dist. LEXIS 90423, at *7.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioners shall recover from Respondent the sum of $23,097.69.

**IT IS FURTHER ORDERED** that the Cross-Motion to Vacate the Award [Dkt. No. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is to **CLOSE** this case.

/s/ Faith S. Hochberg_____
Hon. Faith S. Hochberg, U.S.D.J.